UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW ALAN SCHROCK, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:19-CV-121-PPS-MGG |

OPINION AND ORDER

Matthew Alan Schrock, Jr., a prisoner without a lawyer, challenges two related disciplinary proceedings at Westville Correctional Facility in which he was found guilty of battering two correctional officers. (ECF 1.) He lost 365 days of earned-timed credits in each case. (*Id.*)  The charges were initiated on November 7, 2018, when Investigator B. Turney wrote two conduct reports charging Mr. Schrock with battery in violation of A-100 of the Indiana Department of Correction Disciplinary Code for Adult Offenders. (ECF 13-1 at 1-2.)

Here's what the first conduct report says:

> On 08/13/2018 at approximately 4:26 pm offender Schrock, Matthew DOC 149622 left the B-Block of H Cell-House (HCH) and entered the A-Block side of HCH. During this time Schrock assaulted another staff person with a closed fist. Offender Schrock then took the oleoresin capsicum (O.C.) gas from Sergeant Hubbard, spraying him (Hubbard) and Lt. Bynum.

(ECF 13-1 at 1.) The second one stated:

> On 08/13/2018 at approximately 4:26 pm offender Schrock, Matthew DOC 149622 left the B-Block of H Cell-House (HCH) and entered the A-

> Block side of HCH. After entering A-Block, Schrock began to strike Lieutenant (Lt.) Bynum. Schrock then took Sergeant (Sgt.) Hubbard[']s oleoresin capsicum (O.C.) and sprayed Lt. Bynum in the face. After administering O.C. to Lt. Bynum, offender Schrock continued to strike him (Bynum) several times with a closed fist. Offender Schrock then administered O.C. to Sgt. Hubbard, striking him in the facial area. Sgt. Bagienski then arrived on the unit and restrained offender Schrock.

(ECF 13-1 at 2.) A confidential report of investigation was also prepared, and documentation was submitted regarding the medical expenses incurred by the officers as a result of this incident. (ECF 15, 16.) Numerous photographs were also taken of the officers' injuries. (ECF 13-3 at 1-16; ECF 13-4 at 1-11.)

On December 4, 2018, Mr. Schrock was formally notified of the charges. (ECF 13-5.) He pled not guilty and did not request any witnesses or physical evidence. (*Id.*) He also waived his right to 24 hours' advance notice of the hearing. (*Id.*) Later that same day, hearings were held on the charges. (ECF 13-6 at 1-2.) As to the first charge, Mr. Schrock stated in his defense: "It is the same thing as the other case. I cannot be found guilty of two different batteries for the battery of Lt. Bynum." (ECF 13-6 at 1.) As to the second charge, he stated: "I dropped the OC and cuffed up. The write up says I battered Lt. Bynum with a closed fist. I can't be found guilty twice for the same battery." (*Id.* at 2.) Based on the evidence, the hearing officer found him guilty of a different

2

disciplinary offense, A-102, Battery.[1] (*Id.* at 1-2.) As a result, Mr. Schrock lost 365 days' earned-time credits for each case, was demoted in credit-earning class, and was ordered to pay $4,600 in restitution toward the officers' medical expenses. (*Id.* at 1-2.) The hearing officer chose these sanctions based on the seriousness of the offenses and the frequency and nature of Mr. Schrock's disciplinary violations. (*Id.* at 1-2.) The prison has no record of Mr. Schrock filing an administrative appeal to the facility head or the final reviewing authority in either case. (*See* ECF 13-9 at 1-2.)

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

---

[1] The Seventh Circuit has held that due process permits a modification to the original charge during the course of the disciplinary proceeding as long as the inmate was given "all the information he needed to defend" against the modified charge. *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, Mr. Schrock was provided with notice of the factual basis underlying the charges and was informed that he was accused of committing battery under IND. CODE § 35-42-2-1. (ECF 13-1 at 1-2; ECF 13-5 at 1-2.) That statute is violated if the defendant "knowingly or intentionally . . . touches another person in a rude, insolent, or angry manner." IND. CODE § 35-42-2-1(c)(1). Mr. Schrock was ultimately found guilty of violating A-102, Battery, defined as "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." (ECF 13-2.) In effect, only the code number changed. Mr. Schrock does not mention this issue or raise any claim about the modification in his petition.

3

Mr. Schrock's petition contains several claims, which can be summarized as follows: (1) his double jeopardy rights were violated because "both reports only support battery on Lt. Bynum," and he cannot be punished twice for the same conduct; (2) the disciplinary hearings were "improper" because he wanted a continuance pending the resolution of criminal charges arising out of this same incident; (3) the hearing officer had "no jurisdiction" to order him to pay restitution; and (4) his appeal rights were violated because the prison delayed in giving him the hearing reports and mishandled his administrative appeals. (ECF 1 at 3-6.)

As a preliminary matter, the respondent argues that all of Mr. Schrock's claims are procedurally defaulted because he did not file administrative appeals in either case. (ECF 13 at 7-9.) Before a petitioner can obtain federal habeas relief, he must exhaust all available state remedies, and the failure to do so constitutes a procedural default precluding relief on the merits. 28 U.S.C. § 2254(b)(1)(A); *Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing available administrative remedies. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). "Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority." *Id.* To properly exhaust, "a legal contention must be presented to each administrative level." *Id.* at 982. A federal court may consider a defaulted claim if the petitioner establishes both "cause" to excuse his default and "actual prejudice resulting from the alleged constitutional violation."

*Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (citation and internal quotation marks omitted). "'Cause' is an objective factor external to the defense that impeded the presentation of the claim to the state courts." *Id.*

Here, official prison records reflect that Mr. Schrock did not pursue appeals at either level of administrative review. (ECF 13-9.) However, in his filings, Mr. Schrock claims that his efforts to exhaust were thwarted by prison staff. (ECF 18; ECF 19.) Specifically, he claims that he did not receive the hearing reports until almost a month after the hearings, and that the prison did properly process his administrative appeals. (*Id.*; ECF 1 at 6.) He submits what purports to be handwritten copies of appeals he filed at both levels of administrative review. (ECF 1-1 at 1-2.) For unknown reasons, neither the facility head nor the final reviewing authority has any record of receiving these appeals. (ECF 13-10; ECF 13-1.) Given this conflict in the evidence, it's best to bypass the exhaustion issue, because Mr. Schrock's claims do not entitle him to habeas relief in any event. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Mr. Schrock first claims that the Double Jeopardy Clause was violated because "both [conduct] reports only support battery on Lt. Bynum." (ECF 1 at 3.) For starters, as a general matter, double jeopardy principles do not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). But more to the point, Mr. Schrock was separately charged and punished for battering *two* different correctional officers, Lieutenant Bynum and Sergeant Hubbard. Although the conduct reports could

5

have been drafted more clearly, it can be discerned that the first report was intended to cover the battery against Sergeant Hubbard, and the second to cover the battery against Lieutenant Bynum. (ECF 13-1 at 1-2.) Mr. Schrock's argument that he was punished twice for hitting Lieutenant Bynum finds no support in the record. Nor does the fact that both charges arose out of the same underlying incident raise a constitutional concern. *See Decker v. Krueger*, No. 218-CV-00198-JRS-DLP, 2018 WL 10151943, at *3 (S.D. Ind. Oct. 12, 2018) (finding no double jeopardy concern where inmate was "charged with two different prohibited acts" stemming from the same incident); *Candelaria v. Buss*, No. 3:07-CV-12RM, 2007 WL 1830816, at *1 (N.D. Ind. June 21, 2007) (rejecting double jeopardy argument by prisoner who was issued two conduct reports as a result of the same cell search, because the charges involved "separate violations" of the Disciplinary Code).

Mr. Schrock next claims that the hearing officer violated his rights by ordering him to pay restitution, which he considers "theft" and "racketeering." (ECF 1 at 4-5; ECF 18 at 5.) Sanctions related to restitution do not implicate a liberty interest, however, and are not reviewable in a habeas corpus case. *See Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016) ("[R]estitution does not impact the fact or duration of [the petitioner's] confinement and therefore is not a valid basis for habeas corpus relief."). Additionally, the Disciplinary Code authorizes restitution in the amount of the loss caused by the inmate's conduct as an allowable sanction. (ECF 13-7.) Any argument by Mr. Schrock that the Disciplinary Code did not authorize restitution under the circumstances amounts to an argument that state law was violated, which would not entitle him to

6

federal habeas relief even if he is correct. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

Mr. Schrock also claims that his due process rights were violated because he was not granted a continuance of the hearings. (ECF 1 at 4.) He explains that he wanted a "stay or continuance because of the pending charges out of Madison County arising from the incident of these conduct reports." (*Id.*) But the record reflects that Mr. Schrock waived his right to 24 hours' notice of the hearings (ECF 13-5 at 1-2), and there is no evidence in the record that he made a timely request for a postponement of either hearing. The hearing officer cannot be faulted for failing to act on a request Mr. Schrock did not make at the appropriate time. *See Berry v. Knight*, 770 F. App'x 265, 266 (7th Cir. 2019); *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992).

Additionally, to obtain habeas relief, Mr. Schrock would have to show that the failure to grant him a continuance prejudiced his defense. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). It is apparent that his request was not based on the need to gather witnesses or evidence; rather, he claims that he wanted the hearings postponed so that criminal charges arising from this incident could be resolved.[2] (ECF 1 at 4.) To the

---

[2] The Disciplinary Code provides that all incidents of battery on prison staff "shall be referred to the local Prosecutor for possible criminal prosecution." (ECF 13-7 at 1.) The respondent states that he could not locate any criminal records stemming from this incident. (ECF 13 at 11.) Mr. Schrock asserts in his traverse that he was being prosecuted in Madison County in connection with this incident as of the date the traverse was filed and attaches documentation in support. (ECF 18 at 4; ECF 19 at 13-21.) Because the outcome of the criminal case is irrelevant to this proceeding, the court need not pursue the matter further.

extent his argument is based on his belief that the Double Jeopardy Clause barred him from being criminally prosecuted and punished by the prison for the same conduct, this argument is unavailing. *See Meeks*, 81 F.3d at 722; *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994). Indeed, even if Mr. Schrock was acquitted on criminal charges stemming from this incident, he could still be found guilty of battery under the Disciplinary Code, as a lower standard of proof applies to disciplinary hearings. *See Moffat*, 288 F.3d at 981 (observing that guilt need not be proven beyond a reasonable doubt in the prison disciplinary context). He has not demonstrated that he was prejudiced by the lack of a continuance.

Although unclear, Mr. Schrock may also be challenging the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Additionally, it is not the province of a federal habeas court to "assess the comparative weight of the evidence underlying the disciplinary board's decision" or make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652.

Mr. Schrock was found guilty of A-102, Battery, defined as "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner[.]" (ECF 13-2.) Punching Lieutenant Bynum in the face and spraying Sergeant Hubbard in the face with pepper spray undoubtedly meets this definition. Mr. Schrock does not deny that this incident occurred or that he injured Lieutenant Bynum and Sergeant Hubbard; instead, his defense at the disciplinary hearings was that he could not be punished twice for the same conduct. (ECF 13-6 at 1-2.) For the reasons discussed above, that argument is unavailing. Moreover, the conduct reports, report of investigation, and photos of the officers' injuries provide ample evidence to support the guilty findings.

Mr. Schrock's final claim is that the prison delayed in sending him the hearing reports and mishandled his administrative appeals. (ECF 1 at 6.) Due process requires a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564. The written statement requirement is "not onerous" and "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the hearing reports reflect that the hearing officer relied on the conduct reports and photographs of the officers' injuries to find Mr. Schrock guilty. (ECF 13-6 at 1-2.) The reports further reflect that the sanctions imposed were based on the seriousness of the offenses and the frequency and nature of Mr. Schrock's conduct violations. (*Id.*) Though not overly detailed, the reports adequately illuminate the evidentiary basis and reasoning behind the hearing officer's decisions.

Mr. Schrock claims, however, that he was not given a copy of the reports until a few weeks after the hearing. (ECF 1 at 6.) The reason for the delay is not clear from the record, but in any event, it is clear that he ultimately received a copy of both hearing reports. There is no "hard time limit under federal constitutional law" for providing an inmate with a hearing report. *Jensen v. Knight*, No. 1:18-CV-03230-TWP-MPB, 2019 WL 3779767, at *4 (S.D. Ind. Aug. 12, 2019). Additionally, to obtain habeas relief, he would have to show that he was prejudiced by the delay. *Piggie*, 344 F.3d at 678. He appears to claim that the delay hindered his ability to exhaust his administrative appeals, but he has not been prejudiced, because this court has considered his claims on the merits notwithstanding any failure to exhaust. *See Jensen*, 2019 WL 3779767, at *4 (inmate did not establish that hearing officer's failure to provide him a copy of hearing report prejudiced his ability to pursue an appeal, where the court bypassed the exhaustion issue and considered his claims on the merits).

To the extent that he is claiming that the mishandling of his administrative appeals constituted an independent due process violation, appeal rights are not one of the rights enumerated in *Wolff*, and the court cannot require additional due process protections beyond those specified in *Wolff*. *See Wolff*, 418 U.S. at 564-66; *see also Sanchez v. Miller*, 792 F.2d 694, 702 (7th Cir. 1986) (observing that *Wolff* "sets forth specific minimum procedures and expressly leaves the development of additional safeguards to the discretion of the prison authorities"). Accordingly, he has not established an entitlement to federal habeas relief.

For these reasons, the Court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the Clerk to enter judgment in this case.

SO ORDERED.

ENTERED:  November 2, 2020.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT